539 A.2d 223

**WAVERLY PRESS, INC.**

v.

**STATE DEPARTMENT OF ASSESSMENTS AND TAXATION.**

**No. 99, Sept. Term, 1987.**

Court of Appeals of Maryland.

March 30, 1988.

Arthur W. Machen, Jr., (Susan K. Gauvey and Venable Baetjer & Howard, on the brief), Baltimore, for appellant.

Kaye Brooks Bushel, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Argued Before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals of Maryland (retired) Specially Assigned.

RODOWSKY, Judge.

The petitioner, Waverly Press, Inc., a Maryland corporation, on August 6, 1986, submitted to the respondent, State Department of Assessments and Taxation (the Department), proposed articles of amendment under which the

petitioner sought to change its name to Waverly, Inc. By letter dated the next day the Department refused to allow the change of name for the following reason:

> The name WAVERLY, INC. is not available as it would be misleadingly similar to an existing Maryland limited partnership by the name of WAVERLY LIMITED PART-NERSHIP.

Petitioner sued. The Circuit Court for Baltimore City entered a judgment declaring that the petitioner had a right to amend its charter to adopt the new name but the Court of Special Appeals reversed in an unreported opinion. We granted certiorari and, as explained below, we reverse and reinstate the circuit court's declaratory judgment.

The Department's rejection of the name change was based upon Md.Code (1975, 1985 Repl.Vol.), § 2–106(b)(2)(i) of the Corporations and Associations Article which provides that "[t]he name of a corporation may not ... [b]e the same as or misleadingly similar to ... [t]he name of any Maryland corporation or limited partnership...."[1] The Depart-

---

**1.** Unless otherwise noted all statutory references are to Md.Code (1985 Repl.Vol.), Corporations and Associations Article (CA).

CA § 2–106 in full provides:

(a) *Requirements.*—The name of the corporation shall indicate its corporate status. Corporate status is indicated if the name contains one of the following words or an abbreviation of one of them:

(1) "Company", if it is not preceded by the word "and" or a symbol for "and";

(2) "Corporation";

(3) "Incorporated"; or

(4) "Limited".

(b) *Restrictions on corporate name.*—The name of a corporation may not:

(1) Contain any word or phrase which indicates or implies that it is organized for any purpose not contained in its charter; or

(2) Be the same as or misleadingly similar to:

(i) The name of any Maryland corporation or limited partnership;

(ii) The name of any foreign corporation or limited partnership registered or qualified to do business in this State;

(iii) Any name which is reserved under § 2–107 or § 10–103 or registered under § 7–101 or § 10–904 of this article; or

(iv) A name that a foreign corporation has assumed under subsection (c) of this section.

ment's conclusion that "Waverly, Inc." and "Waverly Limited Partnership" were confusingly similar within the prohibition of § 2–106(b)(2) results from an evolutionary process.

The General Assembly enacted a modern, general corporation law by Ch. 135 of the Acts of 1951. That legislation had been proposed by a commission chaired by Honorable William C. Walsh, a former judge of this Court. Under the revision a corporation's name could not "be the same as the name of any corporation of this State ... or so similar to any such name as to be misleading." Md.Code (1951), Art. 23, § 5(3). This provision, newly codified in the 1951 revision, embodied a restriction then "handled by administrative practice." C.K. Bowie, Jr., *Explanatory Notes to the Commission's Report by the Reporter to the Revision Commission* (1951), reprinted in H. Brune, Jr., *Maryland Corporation Law and Practice,* 677, 679 (rev. ed. 1953). "The purpose of the practice, and [of the 1951] statute, was doubtless to avoid confusion by the general public and also by the [Department's predecessor agency] in carrying out its administrative duties." *National Shoe Stores Co. v.*

(c) *Foreign corporations.*—The Department may permit a foreign corporation that has a name prohibited by subsection (b)(2) of this section to register or qualify to do business in this State, if the foreign corporation agrees:

(1) To transact business in this State only under a disclosed assumed name that meets the requirements of this section; and

(2) To use the assumed name in all of its dealings with the Department and the conduct of its affairs in this State.

CA § 2–107 permits certain applicants to reserve for thirty days the exclusive use of a name for a corporation "[i]f the Department finds that the name is available for corporate use[.]" CA § 2–107(b)(2).

CA § 10–103 permits certain applicants to reserve for thirty days for the exclusive use of the applicant a specified name for a domestic or foreign limited partnership "[i]f the Department finds that the name is available for use by a limited partnership[.]" CA § 10–103(b)(2).

CA § 7–101 deals with the registration by a foreign corporation of its name in this state "if the name is not the same as or misleadingly similar to ... [t]he name of any Maryland corporation or limited partnership[.]" CA § 7–101(a)(1).

CA § 10–904 provides that "[a] foreign limited partnership may register with the Department under any name ... that could be registered by a domestic limited partnership."

*National Shoes of New York, Inc.*, 213 Md. 328, 335, 131 A.2d 909, 911–12 (1957). In the currently ongoing Maryland Code Revision Project the provision was brought forward as Md.Code (1975), CA § 2–106(b)(2). According to the Revisor's Note to that Code section, "[t]he only changes are in style."

This prohibition was also found in § 8(c) of the Model Business Corporation Act ("The corporate name ... [s]hall not be the same as, or deceptively similar to, the name of any domestic corporation...."). The comment to § 8 of the Model Act observes:

> Primarily the purpose of the name statutes is to protect the public against confusion between corporations; secondarily, their purpose is to protect the corporation against unfair competition. [1 Model Business Corp.Act Ann. 294 (2d ed. 1971).]

On December 11, 1981, the Department for the first time adopted regulations concerning name availability for corporations. Previously there could have been differences in the application of § 2–106(b)(2) between individual administrators and the possibility existed of "shopping" for a favorable interpretation. The regulations became effective January 7, 1982. *See* 8:26 Md.Reg. 2106 *et seq.* (December 28, 1981). They are now codified as Md.Regs.Code tit. 18, § .04.02.01 entitled, "Criteria Used in Determining Acceptability of Corporate Name." Subsection C provides that "[c]orporate names are the 'same' if a comparison of the names ... reveals no difference." Subsection D defines "misleadingly similar" to mean that "there is an apparent difference, but the difference or differences are of such character that the names are likely to be confused by persons giving written communications concerning its name."

The subsection of Reg. § 18.04.02.01 which bears most directly on the Department's position in the instant case is subsection E(1) which reads:

A proposed corporate name is considered to be "misleadingly similar" to a corporate name already on file if:

(1) The difference in the names consists in the use of different "words of incorporation" (example: "Jones, Inc." is considered to be "misleadingly similar" to "Jones Corporation").[2]

Following promulgation of Reg. § 18.04.02.01, the Department applied the statutory prohibition against identical or misleadingly similar corporate names by referring to a computer file of the names of corporations which were organized, qualified or registered in Maryland. Apparently relying on subsection E(1) of the regulation, the Department deleted the "words of incorporation," a/k/a the "tails," from the true corporate names in the computer file. As illustrated in subsection E(1), if individuals sought to incorporate "Jones Corporation" but there was a "Jones, Inc." currently on file, the Department compared the name requested, "Jones Corporation," without the tail to the existing "Jones, Inc." without the tail. Thus the comparison would be "Jones" to "Jones," and the requested name would be rejected.[3]

---

2. Subsection E provides other instances of names which would be considered "misleadingly similar":

(2) The difference in the names consists in the use of different parts of speech (example: "The House, Inc." is "misleadingly similar" to "House, Inc.");

(3) The difference consists in the use of periods, spaces, and symbols (example: The following names are "misleadingly similar": "ABC CORP.", "A B C CORP.", "A.B.C. CORP.", "A*B*C* CORP.", "AB & C CORP"; example: "Fair View Rest Home, Inc." is "misleadingly similar" to "Fairview Rest Home, Inc.");

(4) The difference consists in the presence or absence of letters which do not alter the names sufficiently to make them readily distinguishable (example: The following names are "misleadingly similar": "EXXON", "EXON", "EXXONN").

3. This description emphasizes the mechanics of the search and not the substance resulting from the process. Obviously "Corporation" and "Inc." denote the identical concept. By deleting terms which are conceptually identical the Department's process, when comparing two corporate names, focuses on the parts of the corporate names where significant differences, if any, necessarily would be found.

By statutes effective July 1, 1982, the General Assembly substantially revised the laws relating to limited partnerships. Ch. 801 of the Acts of 1981. This legislation, codified as CA Title 10, for the first time required that, in order to form a limited partnership, the certificate of limited partnership had to be filed with the Department. CA § 10–201(a). Under CA § 10–102(a)(4)(i) "[t]he name of each limited partnership as set forth in its certificate ... [m]ay not be the same as or misleadingly similar to ... [t]he name of any corporation or limited partnership organized under the laws of the State of Maryland...." [4] The July 1, 1982, legislation also amended portions of the general corporation law, including CA § 2–106(b)(2) which thereafter additionally prohibited the name of any corporation from being the same as or misleadingly similar to the name of any limited partnership, as therein specified.

---

4. CA § 10–102(a) reads in full:
 (a) *Restrictions on limited partnership name.*—The name of each limited partnership as set forth in its certificate:
 (1) Shall contain without abbreviation the words "limited partnership";
 (2) May not contain the name of a limited partner unless:
 (i) It is also the name of a general partner; or
 (ii) The business of the limited partnership had been carried on under that name before the admission of that limited partner;
 (3) May not contain any word or phrase which indicates or implies that it is organized for any purpose not stated in its certificate; and
 (4) May not be the same as or misleadingly similar to:
 (i) The name of any corporation or limited partnership organized under the laws of the State of Maryland;
 (ii) The name of any foreign corporation or foreign limited partnership registered or qualified to do business in the State of Maryland; or
 (iii) Any name which is reserved or registered under §§ 2–107, 7–101, 10–103, or 10–904 of this article.
 The code sections as set forth in Ch. 801 of the Acts of 1981 were followed by comments prepared by a committee of the Maryland State Bar Association, Inc. which had recommended adoption of the Revised Uniform Limited Partnership Act. The comment to § 10–102 in part states:
 This section is new. It is intended to make the requirements for a limited partnership's name identical to those for a corporation.

Faced with additional responsibilities under Ch. 801 of the Acts of 1981, including comparing corporate names to names of limited partnerships, and vice versa, the Department promulgated at 9:14 Md.Reg. 1449 (July 9, 1982) and adopted at 9:19 Md.Reg. 1896 (September 17, 1982) a new regulation, codified as Md.Regs.Code tit. 18, § .04.02.02, and entitled, "Criteria Used in Determining Acceptability of Limited Partnership Name." It reads:

A. The criteria set forth in COMAR 18.04.02.01 regarding corporate name availability shall also apply to limited partnerships filed with the Department.

B. The words "Limited Partnership" shall be treated as "words of incorporation" as described in Regulation .01E(1), above.

Thus it came to pass that when the petitioner submitted the change of its name to "Waverly, Inc." the Department deleted the word "Inc." It then entered its computer file where it found "Waverly Limited Partnership" with the words "Limited Partnership" deleted. When it compared "Waverly" to "Waverly," the Department found the names to be "misleadingly similar" and this lawsuit resulted.[5]

 It is clear that Md.Regs. § 18.04.02.01 and .02 are interpretative, as opposed to legislative, rules. Whereas legislative rules "receive statutory force upon going into effect," interpretative rules "only interpret the statute to guide the administrative agency in the performance of its duties until directed otherwise by decisions of the courts." *Comptroller v. Rockhill, Inc.*, 205 Md. 226, 234, 107 A.2d 93, 98 (1954). *See generally* 2 K. Davis, *Administrative Law Treatise* §§ 7:8 through 7:16 (2d ed. 1979). No statute expressly confers on the Department rule-making power with respect to the Department's functions under the Corporations and Associations Article. The source line in CO-

---

5. Interestingly, the Department did not find that the two "Waverlys" were the same names. Yet, if the statutes, properly interpreted, require that the "tails" be deleted for name comparisons, the result here would be two names that are the same.

MAR for the "Name Availability" regulations attributes authority to "Article 81, § 232, Annotated Code of Maryland" (1957, 1980 Repl.Vol.). That section contained provisions respecting the jurisdiction, supervision, powers and duties of the Department as to taxation. As part of the Maryland Code Revision Project former § 232 of Art. 81 was repealed by Ch. 8 of the Acts of 1985 and the substance of the provisions transferred to Md.Code (1986), Tax–Property Article. *See* Tax–Property Article, Tables of Comparable Sections, at 450–51.

*Rockhill, supra,* involved an aspect of the Retail Sales Tax Act which classified as a retail sale a transaction involving charges for lodgings or accommodations regularly furnished to the public for consideration. The Comptroller by regulation interpreted that provision to mean that all rentals in resort areas for terms of four months or less were taxable. The assessment in *Rockhill* concerned rentals for less than four months of lodgings which were not regularly furnished to the public for consideration. The statute's requirement that the lodgings be "regularly furnished" was omitted in the regulation. This Court affirmed a judgment setting aside the assessment because the interpretation reflected in the regulation was inconsistent with the statute. And *see Baltimore v. William E. Koons, Inc.,* 270 Md. 231, 310 A.2d 813 (1973) (regulation prohibiting use of any unvented gas-fired space heater as a primary heating device conflicted with statute permitting the use of those heaters as primary heating devices, if "approved").

In the instant matter Reg. 18.04.02.02B suffers from a similar defect. CA § 2–106(a) requires that the name of a corporation "indicate its corporate status." That requirement is satisfied by inclusion in the name of (1) "Company," if not preceded by "and" or by a symbol for "and," (2) "Corporation," (3) "Incorporated," (4) "Limited," or (5) an abbreviation of any one of the four terms. Maryland corporation law has contained an analogous provision since at least Ch. 240 of the Acts of 1908, Sec. 3(b). It provided that "[t]he name of the proposed corporation ... shall

always be such as to indicate that it is a corporation as distinguished from a natural person or a partnership." The purpose of the requirement is explained in the comment to 1 Model Business Corp.Act Ann. § 8, at 293 (2d ed. 1971):

> In England a long tradition of general partnerships led to development of the requirement of a designation in the corporate name indicating limited liability on the part of the owners of the enterprise. This carried over in the various states in the form of requiring the corporate name to include or end with the terms "corporation" or "incorporated" or abbreviations of similar import. Under present-day credit practices it is unlikely that reliance is placed upon the presence or absence of such a designation in a name, and the significance of the requirement in paragraph (a) [of the Model Act] is open to question. It is retained in the Model Act as a concession to a custom that is not burdensome.[6]

With respect to limited partnerships CA § 10–102(a)(1) requires that "[t]he name of each limited partnership as set forth in its certificate ... contain without abbreviation the words 'limited partnership'...." The purpose of this requirement, like the one applicable to corporations, is to advise the public of the limited liability aspect of that business organization. By mandating that the name of a corporation indicate it is a corporation and that the name of a limited partnership indicate it is a limited partnership, the General Assembly has necessarily concluded that those designations in an organization's name have significance to members of the public dealing with one or the other form of business organization. Consequently, the Department's interpretative rule requiring comparisons between limited

---

6. The Revised Model Business Corporation Act (1984) continues the requirement that a corporate name contain the word "corporation" or words or abbreviations of similar import. The Revised Model Act requires that the corporate name "be distinguishable upon the records of the secretary of state" from certain corporate names but does not require a comparison to the names of limited partnerships. *See* 1 Model Business Corp.Act Ann. § 4.01(a) and (b) (3d ed. 1984).

partnerships and corporations to disregard the mandated portion of each entry's name conflicts with §§ 2–106(a) and 10–102(a). Each statute is intended to distinguish the type of organization with which it deals from other types of organizations, as well as from individuals.[7]

The Department argues that the reading we give the statutes "would render the language of CA § 2–106(b)(2), as it relates to a comparison between corporate and limited partnership names, nugatory." Respondent's brief at 11. According to this argument, by including the required words when making the comparison, a corporation and a limited partnership could never have the "same" name. The Department's reasoning ignores the use of alternatives in CA § 2–106(b)(2)(i): "The name of a corporation may not ... [b]e the same as *or* misleadingly similar to ... [t]he name of any Maryland corporation *or* limited partnership...." (Emphasis added). It is true that the principal applications of the § 2–106(b)(2) prohibition will be between corporations and the principal applications of the § 10–102(a)(4) prohibition will be between limited partnerships. Nevertheless, the reference to limited partnerships in the corporation statute and the reference to corporations in the limited partnership statute are not meaningless under our interpretation. For example, one way in which a corporation may satisfy the requirement of indicating its corporate status is to use the word "Limited" in its name. It is possible that the Department would have to compare "ABC Limited" with "ABC Limited Partnership." In that situation the Department might well conclude that there is misleading similarity between the true, full names.

---

7. We are not here concerned with the comparison of a corporate name with another corporate name; nor are we concerned with the comparison of a limited partnership name with another limited partnership name. The rule stated above is limited to the comparison of a corporate name with the name of a limited partnership. Further, our opinion does not purport to affect the concerned entities' rights under the law of unfair competition.

■ Because the comparison in the instant case should have been between "Waverly, Inc." and "Waverly Limited Partnership" there was no misleading similarity and the Department should have allowed use of the name requested by petitioner. *See National Shoe Stores Co. v. National Shoes of New York, Inc., supra* (affirming decree remedying unfair competition by requiring one of two parties using identical trade names to affix the words "of New York, Inc."). Accordingly, the Circuit Court for Baltimore City entered the correct declaratory judgment.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO ENTER A JUDGMENT AFFIRMING THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY. COSTS TO BE PAID BY THE DEPARTMENT OF ASSESSMENTS AND TAXATION.