COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


BILLY M. WOODS

                                           OPINION BY
v.   Record No. 0284-97-1       JUDGE JAMES W. BENTON, JR.
                                        FEBRUARY 3, 1998
COMMONWEALTH OF VIRGINIA
 DEPARTMENT OF MOTOR VEHICLES


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  Robert B. Cromwell, Jr., Judge

            Martin A. Thomas (Decker, Cardon, Thomas &
            Weintraub, on brief), for appellant.

            Jeffrey A. Spencer, Assistant Attorney
            General, for appellee.



     Based upon the Department of Motor Vehicles' policy to

suspend or revoke the sales license of anyone convicted of a

felony within the preceding five years, the Commissioner revoked

Billy H. Woods' license to sell motor vehicles.  Woods contends

the Department's policy constitutes an improper promulgation of a

rule in violation of the Administrative Process Act and violates

his right to due process by arbitrarily revoking his license

without the process afforded by statute.  For the reasons that

follow, we reverse the order and remand for reconsideration.

                              I.

     The evidence before the administrative hearing officer

proved that Woods was first licensed by the Department as a motor

vehicle salesperson eighteen to twenty years ago.  On December

15, 1994, Woods, who was then working as a construction

supervisor, pleaded guilty in federal court to a felony charge of

credit card fraud in violation of 15 U.S.C. § 1644(a).  This felony conviction did not arise out of the business of selling motor vehicles.

Following the conviction, Woods was again employed as a motor vehicle salesperson.  After beginning his employment as a salesperson, Woods mistakenly believed that his license to sell motor vehicles had expired, and he applied for renewal of his license on January 19, 1995.  In his application for renewal, Woods disclosed his conviction and supplied the Department with the pertinent court documents.  The Department then conducted an administrative review to determine whether Woods' license should be revoked pursuant to Code § 46.2-1575(13).[1]  An informal fact finding conference was held.  See Code § 9-6.14:11.  Following the conference, the Department informed Woods that in accordance with its policy his license was being revoked because he had been convicted of a felony.  Woods then requested a hearing pursuant to Code § 9-6.14:12.

At the administrative hearing, Woods' supervising sales manager testified that Woods was the automobile dealership's best

---

[1]In pertinent part, Code § 46.2-1575(13) reads as follows:

> A license or certificate of dealer registration or qualification issued under this subtitle may be denied, suspended, or revoked on any one or more of the following grounds:
>
> *   *   *   *   *   *   *
>
> 13.  Having been convicted of a felony.

employee.  He testified that Woods was honest and well-liked, had a good sales record, had a strong work ethic, and had been the top salesperson for four months in a row.  The vice president and general manager of the automobile dealership testified as to Woods' "impeccable" integrity and stated that the dealership would like to keep Woods as a salesperson.

L.S. Stupasky, the Department's representative, testified that in 1994 the Department reviewed its policy concerning felony convictions.  At that time, he and another Department employee sent the following memorandum to the Commissioner of the Department:

> This is a follow up to the "Felony Conviction" meeting held on Wednesday, June 29th and to confirm the DMV management decision and current policy guidelines followed by the Dealer Licensing Section. The following policy addresses <u>"denial"</u> of an application for a license as a salesperson/motor vehicle dealer where the applicant has been convicted of a felony.  If you affirm the prior decision and current process, please sign the attached approvals sheet.
>
> <u>CURRENT POLICY GUIDELINES FOR DENIAL</u>
>
> *   Currently on Probation/Parole status.
>
> *   Felony conviction occurred within five years of the application date.
>
> *   Code Authority - § 46.2-1575 Grounds for denying, suspending, or revoking licenses or certificates for dealer registration or qualification.
>
>     A license or certificate may be denied on any one or more of the following grounds:

"13.  Having been convicted of a
        felony;"

Stupasky testified that pursuant to the policy contained in this internal memorandum, he is required to recommend revocation whenever a licensee has been convicted of a felony.  He further testified that prior to 1994, the Department's practice regarding felony convictions had been to revoke only the license of a licensee who had been convicted of a felony related to the business of selling motor vehicles.  That policy had been in existence from 1988, when Code § 46.2-1575 was enacted, until the Commissioner changed the policy in 1994.

Stating that "[i]t is the policy of the Department of Motor Vehicles to revoke the license [of] any salesperson that has been convicted of a felony within the past five years," the hearing officer recommended revocation of Woods' license.  The hearing officer ruled that the endorsements of Woods' sales manager and general manager were "not sufficient to overcome the statutory authority and the Department's policy."

The Commissioner accepted the hearing officer's recommendation and revoked Woods' motor vehicle sales license for five years from the date of his felony conviction.  The Commissioner's decision stated that the revocation was consistent with Code § 46.2-1575(13) and "the DMV policy to revoke the salesperson license of anyone convicted of a felony within five years of the date of the application."  The decision also stated that "[a]lthough representation of your good character is

- 4 -

commendable, that information is not sufficient to allow you to remain licensed in contravention of the <u>Code of Virginia</u> and DMV policy."

After the Commissioner entered his final decision revoking Woods' license, Woods filed a petition for appeal to the circuit court. The circuit court judge affirmed the Commissioner's decision revoking Woods' license.

## II.

Code § 46.2-1508 states that "[i]t shall be unlawful for any person to engage in business in the Commonwealth as a motor vehicle . . . salesperson without first obtaining a license." At all times relevant to the issues in this case, the Commissioner of the Department of Motor Vehicles was the entity charged with issuing and enforcing the licensing requirements. <u>See</u> Code § 46.2-1508 – 46.2-1527.8.[2] Indeed, Code § 46.2-1575 provided that "[a] license . . . issued under this subtitle <u>may</u> be denied, suspended or revoked [by the Commissioner of the Department of Motor Vehicles] on any one or more of the following grounds: . . . 13. Having been convicted of a felony." (Emphasis added). The statute specified eighteen grounds for which a license may be denied, suspended or revoked.

_____

[2]In 1995, the General Assembly amended the provisions of Article 2 (Motor Vehicle Dealer Licenses), Code § 46.2-1508 to § 46.2-1521, and Article 8 (Denial, Suspension, and Revocation of Dealer Licenses), Code § 46.2-1574 to § 46.2-1579, to substitute the Motor Vehicle Dealer Board, <u>see</u> Code § 46.2-1500, for the Commissioner. <u>See</u> 1995 Acts of Assembly, ch. 767.

The evidence at the administrative hearing proved that the Commissioner's statutory authority to deny, suspend, or revoke a license for the conviction of a felony was first enacted in 1988. See 1988 Acts of Assembly, ch. 865. The evidence also proved that prior to 1994, the Department exercised its discretion under this provision of the statute to revoke the licenses of those licensees who had been convicted of felonies related only to the business of selling motor vehicles. However, in 1994, the Commissioner acted on a recommendation from the Department's management and instituted a policy that required the Department to suspend or revoke, without exception, the license of any licensee who had been convicted of any felony. Indeed, the Department's representative testified at the administrative hearing that when an applicant or current holder of a license has a felony conviction the employee who reviews the application always recommends to the Commissioner, pursuant to the Department's current policy guidelines, that the license be denied or revoked.

Thus, in 1994, the Department changed its earlier policy and enacted a policy that eliminates any discretion from the Department's review of the license status of a person who has been convicted of a felony. The current policy mandates, without exception, the suspension or revocation of the license of any salesperson convicted of a felony. The Department applied this changed policy to Woods' application. Thus, the Department

enforced in a case decision a "policy guideline" that it adopted as a standard for applying the statutory mandate of Code § 46.2-1575(13).

III.

In <u>Virginia Board of Medicine v. Virginia Physical Therapy Association</u>, 13 Va. App. 458, 413 S.E.2d 59 (1991), <u>aff'd</u>, 245 Va. 125, 427 S.E.2d 183 (1993), this Court ruled as follows:

> Under the [Administrative Process Act], "rule" and "regulation" are defined as "any statement of general application, having the force of law, affecting the rights or conduct of any person, <u>promulgated</u> by an agency in accordance with the authority conferred on it by applicable basic laws." Code § 9-6.14:4(F) (emphasis added). "Promulgate" means to publish or to announce officially, and is commonly used in the context of the "formal act of announcing a statute." <u>Black's Law Dictionary</u> 634 (5th ed. 1983). The [Administrative Process Act] and the Virginia Register Act provide the procedure for the promulgation and adoption of a rule or regulation. An agency's rule or regulation is invalid if the agency failed to comply with these statutes in the promulgation process.

13 Va. App. at 466, 413 S.E.2d at 64. This Court noted that rules that are not promulgated according to the statutory procedure of the Administrative Process Act and the Virginia Register Act are invalid as "<u>de</u> <u>facto</u>" rules. <u>Id.</u>

However, in <u>Jackson v. W</u>, 14 Va. App. 391, 419 S.E.2d 385 (1992), we noted that this Court has held that "[i]n order to carry out its [statutory] purpose, an agency may adopt an '"interpretative rule" without the binding force of law.'" <u>Id.</u> at 399, 419 S.E.2d at 390 (quoting <u>Bader v. Norfolk Redev. & Hous. Auth.</u>, 10 Va. App. 697, 702, 396 S.E.2d 141, 144 (1990)). We held that when the legislature authorizes an agency to

supervise the administration of a regulatory act, the agency may establish guidelines for its employees to use in applying the statute so as to give effect to the intent and spirit of the legislation.  See Jackson, 14 Va. App. at 399, 419 S.E.2d at 389-90.  Thus, we held that a state agency may issue to its employees "guidelines . . . [that] are . . . interpretative rules adopted in order to carry out the agency's purpose of implementing the Commonwealth's policy [contained in the agency's basic law]."  Id. at 400, 419 S.E.2d at 390.[3]

---

[3]Other jurisdictions recognize the power of administrative agencies to adopt interpretative rules or guidelines.  See, e.g., General Electric Co. v. Gilbert, 429 U.S. 125, 141-42 (1976) (noting that interpretative rules need not be authorized by legislative enactments and should be given weight if persuasive); Waverly Press v. Department of Assess. & Tax., 539 A.2d 223, 227 (Md. 1988) (holding that "interpretative rules 'only interpret the statute to guide the administrative agency in the performance of its duties until directed otherwise by decisions of the courts'"); Town of Northbridge v. Town of Natick, 474 N.E.2d 551, 556 (Mass. 1985) (ruling that agencies may adopt internal policies for carrying out their duties; however, those "policy statements do not have the legal force of a statute or regulation"); Shenango Township Bd. of Supervisors v. Pennsylvania Public Util. Comm'n, 686 A.2d 910, 914 (Pa. Cmwlth. 1996) (holding that "a statement of policy does not have the force of law, . . . is merely interpretive in nature . . . [, and] is only persuasive so long as it represents an accurate interpretation of the relevant statute or other authorities from which it is derived."); Great American Nursing Centers v. Norberg, 567 A.2d 354, 356 (R.I. 1989) (recognizing that "an interpretive rule is not specifically authorized by a legislative enactment; rather, it is promulgated by an administrative agency for the purpose of guidance and definition"); Appalachian Power Co. v. Tax. Dept., 466 S.E.2d 424, 434 (W. Va. 1995) (holding that "[i]nterpretative rules . . . merely clarify an existing statute or regulation[,] . . . need not go through the legislative authorization process[,] . . . do not have the force of law . . . [, and are not] irrevocably binding on the agency or the court.").

Based upon the evidence in this record, we cannot say that the Commissioner's adoption of the guidelines in 1994 is the type of "de facto" rule that this Court condemned in Virginia Board of Medicine. When the Department enforced Code § 46.2-1575(13) prior to 1994, the policy of the Department was to exempt from suspension the licenses of salespersons whose felony convictions did not relate to the business of selling motor vehicles. The record does not establish whether this was a written policy or unwritten practice. However, in 1994, the Commissioner approved a written policy guideline statement that informed Department employees charged with reviewing licensees' applications of the guidelines that were to be employed from that date forward. As in Jackson, we believe that the Commissioner adopted an "interpretative rule" for the purpose of fulfilling the Department's responsibility to administer the statute.

IV.

Although we find that the Commissioner did not adopt a "de facto" rule when he approved the new interpretative guidelines, we do find that the policy guidelines are inconsistent with the statute. See Jackson, 14 Va. App. at 400, 419 S.E.2d at 390.

The General Assembly used discretionary language in drafting Code § 46.2-1575. The statutory language evinces a recognition on the part of the General Assembly that, in some cases, license revocation may not be an appropriate remedy. Indeed, the General Assembly specified eighteen separate grounds that "may" give rise

to adverse action.  The Department and Woods agree that the statute granted the Department the discretion to suspend or revoke a license to sell motor vehicles where the licensee has been convicted of a felony.

When the Department established its mandatory revocation policy, however, it foreclosed any opportunity for a licensee who was affected by the policy to appeal to the discretionary authority of the Commissioner.  Although the statute authorizes the use of discretion, the current policy guidelines allow no discretion to be exercised in determining whether a felony conviction will result in revocation or suspension of a license.

The policy guidelines direct that a revocation or suspension must be imposed following a felony conviction.  Clearly, the decision to revoke Woods' license did not result from the exercise of discretion; it was a mandatory act taken in accordance with an internal policy which directly contradicted the intent of the General Assembly when it enacted the statute.

In granting the Department the discretion to revoke licenses, the General Assembly intended for the Department to determine, on a case-by-case basis, whether revocation properly serves the interests of the public.  In those cases in which revocation would not serve the interests of the public and would work an injustice, the General Assembly intended for the Department to exercise its discretion in applying the statute.  Under the mandatory revocation policy, however, the Department

fails to exercise its discretion and revokes licenses in all cases involving felony convictions, without considering the best interests of the public or the purpose of the statute. We note that the policy guidelines do not provide such a mandatory feature for any of the other seventeen grounds specified in Code § 46.2-1575.

The record of the informal fact finding conference, the recommendation of the hearing officer, and the final agency decision all reference "the [Department's] policy" to suspend or revoke the license of <u>anyone</u> convicted of a felony without exception or consideration of other circumstances. We hold that the Department's policy guidelines are inconsistent with the statute because they remove from the Department's review of licensees the discretion granted by statute.

Accordingly, we reverse the decision and remand the case for reconsideration in accordance with the discretionary standard enacted within Code § 46.2-1575.

<u>Reversed and remanded</u>.